UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES L. FOREMAN,

        Plaintiff,

-against-

BARNEYS NEW YORK,

        Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 28, 2015

REPORT AND RECOMMENDATION

14 Civ. 9031(PAC) (GWG)

No objections have been filed to Magistrate Judge Gorenstein's report and recommendation dated May 5, 2015. The Court adopts the R&R and directs the Clerk of Court to enter judgment dismissing the case.

So ordered
/s/ Paul A. Crotty
U.S.D.J.
5-28-15
Copy Mailed By Chambers

### GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

The complaint in this action was filed on November 13, 2014. See Complaint, filed Nov. 13, 2014 (Docket # 1). The case was referred to the undersigned for general pretrial purposes and a dispositive motion requiring a report and recommendation on November 20, 2014. See Order of Reference to a Magistrate Judge, dated Nov. 20, 2014 (Docket # 3). On March 17, 2015, no return of service for the complaint having been filed and no application for an extension of time to effectuate service having been made, this Court issued an Order requiring plaintiff to show cause why the action should not be dismissed under Fed. R. Civ. P. 4(m) and/or 41(b). See Order to Show Cause, dated Mar. 17, 2015 (Docket # 4). That Order required plaintiff to respond by April 17, 2015. See id. at 1. It warned that failure to comply with the Order might result in the action being dismissed. Id. Plaintiff did not respond to this Order.

Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day period permitted under Rule 4(m) has expired. To date, there has been no proof of service filed with respect to the defendant in this matter. Nor has there been an application for an extension of time that shows good cause for such failure.

For these reasons, and because this is not a case in which the Court should exercise its discretion to grant an extension in the absence of good cause, see Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007), this matter should be dismissed without prejudice pursuant to Rule 4(m).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: May 4, 2015
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2